# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH EARL WRIGHT, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| EAST POINT POLICE | : | CIVIL ACTION NO. |
| DEPARTMENT, | : | 1:12-CV-2064-TWT-JFK |
| JEREMY CROOK, | : | |
|     Defendants. | : | |

## MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

Plaintiff, Kenneth Earl Wright, confined in Ware State Prison, in Waycross, Georgia, has submitted a *pro se* civil rights complaint. By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the complaint, as amended, (Doc. No. 10), for screening under 28 U.S.C. § 1915A.[1]

## I.    28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim

---

[1] See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").

on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555.

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants

AO 72A
(Rev.8/82)

this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

3

## II. **Discussion**

Plaintiff brings this action against the East Point Police Department and Officer Jeremy Crook and alleges the following. (Doc. No. 10). On the morning of September 30, 2010, Plaintiff observed a lawn-care truck and trailer parked on the corner of Chapman Avenue and Jones Street in East Point, Georgia. (Id., Statement of Claims at 1). Plaintiff decided to search for the owner of the truck (to request a job) and circled the house on the corner of Chapman and Jones – while doing so, Plaintiff left his paper shredder behind the house on an air conditioning unit. (Id.). When Plaintiff reached the front of the house, Plaintiff was approached by "neighbors who became belligerent because of Plaintiff['s] presence[,]" and Plaintiff walked away, leaving his shredder. Plaintiff was walking on Jones Street, and Officer Crook stopped his patrol car, exited, and, standing behind the door of his patrol car, pointed his gun at Plaintiff and ordered Plaintiff to hold his hands up or he would shoot. (Id. at 2-3). Plaintiff complied. (Id. at 3). Crook ordered Plaintiff to place his hands on the hood of the patrol car, and Plaintiff complied. Crook approached Plaintiff, pointing the gun at Plaintiff's head; walked behind Plaintiff and handcuffed him; and placed Plaintiff in the patrol car. (Id. at 4). Crook spoke with people at the corner of Chapman and Jones (apparently the neighbors) and returned to the patrol car with Plaintiff's paper

4

shredder. (Id. at 5). Plaintiff explained to Crook what he had done (as stated above), and Crook arrested him for prowling. (Id. at 6). Crook then transported Plaintiff to the East Point jail and booked and detained him for prowling. (Id.). After four days Plaintiff was released, and the case was dismissed. (Id. at 6-7). Thereafter, Plaintiff was "hindered from getting employment and lost pay because of the negative allegations on Plaintiff's background report." (Id. at 7).

Plaintiff claims harassment, excessive force, malicious or false arrest, false imprisonment, and slander. (Id. at 1-7). Plaintiff contends that he has suffered mental and emotional anguish and seeks damages. (Id. at 1-10).

A copy of Crook's police report, which was appended to the original complaint, states that Crook received a dispatch to the intersection of Jones Street and Chapman Avenue "in reference to a suspicious person involved in an attempted armed robbery." The report states that the complainant and witnesses (1) identified Plaintiff as the perpetrator and (2) stated that they had seen Plaintiff walk around the home in question, approach a lawn trailer containing lawn equipment, and look at the lawn equipment and that Plaintiff fled when they approached him. (Doc. No. 1, Exs. C, D). The report states that Plaintiff explained that he was just walking down the street and around the residence, that he had been attempting to locate the owner of the lawn

5

equipment to ask for a job, and that he fled when the witnesses approached him and accused him of stealing things. (Id.). Plaintiff was arrested for loitering and prowling, in violation of O.C.G.A. § 16-11-36. (Id.).

### A.     **The East Point Police Department**

The East Point Police Department is not a legal entity subject to suit and must be dismissed. See Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding that the City of Atlanta police department is not an entity subject to suit because the department is "merely the vehicle through which the City government fulfills its policing functions"); see also Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (affirming district court decision that the DeKalb County Police Department is not a legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit).

### B.     **Officer Crook**

#### 1.     **Harassment and Excessive Force – Initial Stop and Arrest**

The Fourth Amendment prohibits unreasonable seizures. U.S. Const. Amend. IV. To determine whether the force used to arrest is reasonable requires a balancing

6

of the nature of the intrusion on the arrestee's Fourth Amendment interests with the governmental interests in using force. Graham v. Connor, 490 U.S. 386, 396 (1989). In determining the reasonableness of the force used, the Court considers "(1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight." Edwards v. Shanley, 666 F.3d 1289, 1295 (11th Cir. 2012) (quoting Fils v. City of Aventura, 647 F.3d 1272, 1288 (11th Cir. 2011)) (internal quotation marks omitted). "An officer's decision to point a gun at an unarmed civilian who objectively poses no threat to the officer or the public can certainly sustain a claim of excessive force." Croom v. Balkwill, 645 F.3d 1240, 1252 n.17 (11th Cir. 2011) (citing Petta v. Rivera, 143 F.3d 895, 905 (5th Cir. 1998)). However, "[t]he use of a gun in connection with a stop is permissible when the officer reasonably believes it is necessary for his protection." United States v. Aldridge, 719 F.2d 368, 371-72 (11th Cir. 1983) (holding that officer was reasonable in drawing his gun and ordering driver out of car when officer was alone in the early morning hours and driver, who was suspected of "fooling with vehicles" at a construction sight, was accompanied by two adult males); see also Sevostiyanova v. Cobb County, 484 F. App'x 355, 360 (11th Cir. 2012) (holding that it was *de minimus* force to enter, with

7

guns drawn, a hit-and-run suspect's apartment who did not answer when police knocked); Croom, 645 F.3d at 1252 n.17 (noting that it is reasonable for an officer to use a drawn weapon when serving a warrant in a known drug location); Stoute v. Mink, 232 F. App'x 881, 883 n.3 (11th Cir. 2007) (noting that it is not excessive force for an officer to use a drawn weapon when attempting to arrest a person wanted for attempted murder who is suspected of being armed); Courson v. McMillian, 939 F.2d 1479, 1493-96 (11th Cir. 1991) (holding that it was not excessive force for officer to direct shotgun toward vehicle passenger during investigatory stop when officer was alone late at night, the driver and two passengers appeared intoxicated, the officer suspected they might be connected to a nearby marijuana field, and the officer did not know if they were armed); United States v. Alvarez, 812 F.2d 668, 669 n.3 (11th Cir. 1987) (noting that it was not excessive force for eight agents to arrest fraud suspect with guns drawn when the suspect had been convicted of drug trafficking and agents had been told that the suspect might have been involved in a homicide).

Here, Crook had been dispatched in reference to a suspicious person involved in an attempted armed robbery. Crook's drawing his gun to arrest Plaintiff was not excessive in those circumstances.

### **2.** **False Arrest and False Imprisonment**

"A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim" for false arrest. Rodriguez v. Farrell, 280 F.3d 1341, 1345 (11th Cir. 2002) (internal quotation marks omitted) (quoting Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996)). Additionally, "[w]here a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." Ortega, 85 F.3d at 1526. To show a constitutional violation, a plaintiff must allege "facts showing that the police lacked probable cause to arrest him." Wright v. Dodd, 438 F. App'x 805, 806 (11th Cir. 2011). "Probable cause exists when 'the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'"[2] Jordan v. Mosley, 487 F.3d 1350, 1355 (11th Cir. 2007) (quoting Miller v. Harget, 458 F.3d 1251, 1259 (11th Cir. 2006)). "An arrest made with probable cause . . .

---

[2] An officer is entitled to qualified immunity if he had arguable probable cause, which requires that a reasonable officer in his shoes "could have believed that probable cause existed[.]" Grider v. City of Auburn, 618 F.3d 1240, 1257 (11th Cir. 2010) (quoting Kingsland v. City of Miami, 382 F.3d 1220, 1232 (11th Cir. 2004)) (internal quotation marks omitted).

9

constitutes an absolute bar to a section 1983 action for false arrest." Ortega, 85 F.3d at 1525.

Georgia law prohibits loitering and prowling –

(a) A person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.

(b) Among the circumstances which may be considered in determining whether alarm is warranted is the fact that the person takes flight upon the appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstances make it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this Code section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this Code section if the law enforcement officer failed to comply with the foregoing procedure or if it appears at trial that the explanation given by the person was true and would have dispelled the alarm or immediate concern.

O.C.G.A. § 16-11-36. A person commits loitering or prowling when he enters the front yard of a home and looks into a front window from eight feet away and enters another yard and looks into another window and when his explanations for his presence (at night) are unsupported. McFarren v. State, 210 Ga. App. 889, 889-90, 437 S.E.2d 869, 870-71 (1993).

The circumstances known to Crook were that Plaintiff had walked into the back yard of a private residence (allegedly looking for the owner of the lawn equipment), placed an object on an air conditioning unit in the back of the home, and looked into the trailer with lawn equipment; that neighbors had become alarmed and questioned Plaintiff; and that Plaintiff had fled (or walked away) when the neighbors questioned him. Although the events took place in the morning hours and not at night, the neighbors were still alarmed at Plaintiff's actions – wandering behind a home and looking into a trailer – and that alarm likely was heightened when Plaintiff fled or walked away when they questioned him. Plaintiff's explanation to Crook – that he was looking for the owner of the lawn equipment and a job – is somewhat inconsistent with his admission that he walked away from persons in the neighborhood when they questioned him. Crook had at least arguable probable cause to arrest Plaintiff for loitering or prowling. Accordingly, Plaintiff's false arrest and false imprisonment claim fails.

### 3. <u>Slander</u>

"No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Although a person does not have a due process protected interest in avoiding stigmatization alone, he does have a protected

11

interest in avoiding stigma plus the deprivation of "a previously recognized property or liberty interest[.]" Smith ex rel. Smith v. Siegelman, 322 F.3d 1290, 1296, 1298 (11th Cir. 2003) (quoting Cypress Ins. Co. v. Clark, 144 F.3d 1435, 1436-37 (11th Cir. 1998)) (internal quotation marks omitted). However, "deleterious effects that flow directly from a sullied reputation, such as the adverse impact on job prospects, are normally insufficient" to show stigma plus. Id. at 1298; see also Paul v. Davis, 424 U.S. 693, 697, 712 (1976) (holding that allegations that the alleged slander would "seriously impair . . . future employment opportunities" did not show a deprivation of a property interest protected by the Due Process Clause).

Plaintiff's assertion of a generalized adverse impact on his job prospects is insufficient to show that he has been deprived of a protected property or liberty interest, and his claim of slander does not state a constitutional claim.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

12

**IT IS SO DIRECTED and RECOMMENDED** this 11th day of January, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

13